IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TORREY CALDWELL, #242834, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:24-cv-00322 <br> ) Judge Trauger |
| ZACHARY POUNDS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On January 28, 2025, the court dismissed this pro se prisoner lawsuit on initial review under the Prison Litigation Reform Act (Doc. Nos. 8, 9), finding that plaintiff Torrey Caldwell failed to state a plausible claim for violation of his Fourteenth Amendment due process rights in the context of prison disciplinary proceedings, because his punishment for the disciplinary infraction—segregation for 30 days and a four-dollar fine—"is not a punishment that dramatically departs from the basic conditions of his sentence, or that presents an atypical and significant deprivation that implicates any interest protected under the Fourteenth Amendment." (Doc. No. 8 at 6.)

On February 13, 2025, the plaintiff filed a Motion to Set Aside Judgment and to Reconsider Complaint. (Doc. No. 10.) He seeks "to adequately amend his complaint to include the essential element of the atypical and significant deprivation that implicates the interest protected by the Fourteenth Amendment." (*Id.* at 1.) The plaintiff notes that his original complaint referred to staff and administration at the Riverbend Maximum Security Institution (RMSI) withholding documents from him, and asserts that such delays in responding to the plaintiff's queries and grievances continued after the dismissal of this lawsuit, when "a long awaited response to his

request to the administrative sector addressing the concerns of the conditions of his confinement in relations to his punishment of this complaint was received on February 9, 2025[,] three months after it was submitted." (*Id.* at 1–2.) The plaintiff attaches these recently received documents to his Motion and offers them to show that he is being housed in "Unit 5" of RMSI, a unit used to separate minimum- and medium-security inmates "and to house drug-users and confirmed gang affiliates, where there ha[ve] been numerous deaths by homicide and drug overdoses." (*Id.* at 2.) He claims that he has been subjected to "deplorable and dangerous living conditions" in Unit 5. (*Id.*)

The court construes the plaintiff's Motion as seeking to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) (stating that a post-judgment motion for reconsideration is "generally consider[ed] . . . to be brought pursuant to Rule 59(e)"). The Motion was filed within 28 days of the entry of judgment and is therefore timely under Rule 59(e). *See* Fed. R. Civ. P. 59(e) (allowing "[a] motion to alter or amend a judgment . . . [if] filed no later than 28 days after the entry of the judgment"). When a post-judgment motion includes a request to amend the original complaint, the motion to amend is not decided under Rule 15 standards but "must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (citations omitted). To win reopening under Rule 59, the plaintiff must demonstrate: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563 (6th Cir. 2022) (quoting *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014)).

None of these requirements is met in this case. The only ground for Rule 59 relief which the plaintiff's Motion potentially implicates is that of "newly discovered evidence." One document

2

attached to the Motion shows that the plaintiff requested to be moved from Unit 5's "deplorable and dangerous conditions" on November 19, 2024, but RMSI officials responded that he was "housed in the appropriate housing based on [his] classification." (Doc. No. 10-1 at 1.) The other document reflects the RMSI hearing officer's version of the circumstances surrounding the plaintiff's disciplinary conviction. (*Id.* at 2.) Although these documents may have come into the plaintiff's possession only recently, the information they contain would not have been a surprise to him. The documents therefore do not qualify as "newly discovered evidence" that justifies Rule 59 relief. *Cf. Leisure Caviar*, 616 F.3d at 617 ("It may be true that this information was 'newly discovered' in one sense, in that the plaintiffs apparently first learned about it during discovery. But the information should not have come as a surprise"; "[t]o constitute 'newly discovered evidence,' the evidence must have been previously unavailable.") (quoting *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

Moreover, it appears that the plaintiff has been housed in Unit 5 since before the filing of the original complaint, when he was "special reclassed" to medium security. (Doc. No. 1 at 5.) "A plaintiff cannot use a Rule 59 motion (or for that matter a post-judgment Rule 15 motion) 'to raise arguments which could, and should, have been made before judgment issued.'" *Leisure Caviar*, 616 F.3d at 616 (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). If the conditions of the plaintiff's confinement within Unit 5 have been in place and unchanged since before the dismissal of this action, and certainly if they have been in place since the complaint was filed, then he could and should have sought permission to amend prior to entry of the court's judgment. His failure to do so means that he may only pursue a claim to remedy those conditions in a new lawsuit. Likewise, if the conditions of which he complains have resulted from a more recent cell transfer within Unit 5, the plaintiff may file a new lawsuit concerning those

3

conditions, but he cannot reopen this case under Rule 59(e) and amend the complaint to pursue that claim here.

For these reasons, the plaintiff's Motion to Set Aside Judgment and to Reconsider Complaint (Doc. No. 10) is **DENIED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

4

Case 3:24-cv-00322   Document 11   Filed 02/18/25   Page 4 of 4 PageID #: 113